TERESA A. BLASBERG (State Bar No. 105473)
BLASBERG & ASSOCIATES
526 N. Juanita Ave
Los Angeles, California 90004
Telephone: (213) 239-0364
Facsimile: (323) 661-2940

**Attorneys for Arkland Investment, LLC**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 2:09-bk-46058-AA |
| ARKLAND INVESTMENT, LLC, | MOTION FOR ORDER APPROVING ADEQUACY OF DISCLOSURE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES |
| Debtor. | |
| | Date: May 26, 2010 |
| | Time: 11:30 a.m. |
| | Place: Courtroom 1375 |
| | 255 E. Temple Street, Los Angeles, CA 90012 |

Arkland Investment, LLC (the "Debtor") hereby moves the Court for an order approving the adequacy of the Disclosure Statement with respect to the Debtor's Chapter 11 Plan of Reorganization, filed on April 19, 2010, and served herewith upon all parties in interest. In support of the Motion, the Debtor respectfully represents as follows:

1. The Debtor filed its petition commencing this case on December 20, 2009. Since that date, the Debtor has remained in possession and control of its assets and business as a debtor in possession, pursuant to 11 U.S.C. ¶¶ 1107 and 1108.

2. The Court has entered an order setting April 30, 2010 as the last day on which the Debtor is to file a plan and disclosure statement, however, the Debtor's exclusivity period was to have expired on April 19, 2010. Although the Debtor certainly had the right to request an extension, the Debtor did not deem such a request to be a wise use of the parties' and Court's resources, based upon the expectation a battle would ensue over the request with that the parties seeking appointment

1

1  of a chapter 11 trustee.

2      3. From the outset of this case, the Debtor has been aware of the existence of various estate causes of action against insiders, which it desired to delegate to a creditors' committee for investigation and prosecution. Therefore, although the Disclosure Statement is substantially complete, the fact that the Creditors' Committee was only recently appointed has made it necessary for the Debtor to leave details open concerning estate causes of action and the identify of the estate representative who will be responsible for such claims. Such matters should be determined in consultation with the representatives of the group most affected by the results obtained, i.e., the unsecured creditors. The Debtor intends to consult promptly with the Committee on these issues, and on any other matters on which the Committee may desire additional information, and will supplement the Disclosure Statement accordingly.

    WHEREFORE, the Debtor respectfully requests the Court enter an order approving the adequacy of the Debtor's Disclosure Statement, as it may be supplemented or revised prior to or at the hearing of the motion.

Dated: April 20, 2010                                      BLASBERG & ASSOCIATES


                                                  By: /s/Teresa A. Blasberg
                                                     Teresa A. Blasberg

**MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to Section 1125(b) of the Bankruptcy Code, 11 U.S.C. ¶¶101 et seq., a hearing on confirmation of a plan can only be held after the court has approved a disclosure statement as containing adequate information, defined in § 1125(a):

> (a) In this section - (1) "adequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information; and (2) "investor typical of holders of claims or interests of the relevant class" means investor having -
>
> (A) a claim or interest of the relevant class;
>
> (B) such a relationship with the debtor as the holders of other claims or interests of such class generally have; and
>
> (©) such ability to obtain such information from sources other than the disclosure required by this section as holders of claims or interests in such class generally have.

The determination of whether the disclosure statement contains adequate information is made on a case-by-case basis. *See In re Tex. Extrusion Corp.*, 4 F.2d 1142 (5th Cir. 1988), *cert. denied*, 488 U.S. 926 (1988). Bankruptcy courts are given substantial discretion in considering the adequacy of a disclosure statement. *See In re River Vill. Assocs.*, 1 B.R. 795 (E.D. Pa. 1995).

In short, then, the purpose of a disclosure statement is to inform equity holders and claimants, as fully as possible, about the probable financial results of acceptance or rejection of a particular plan. Moreover, since no plan proponent is expected to be able to predict the future with unerring accuracy, the information to be provided should be comprised of all those factors presently known to the plan proponent that bear upon the success or failure of the proposals contained in the plan.

The Disclosure Statement is comprehensive, and provides the information called for by the Court's approved form, including, among other things, the debtor's history and events leading to the chapter 11 filing, the claims asserted against the estate, and financial information, both historical and

3

projected. However, the Debtor is prepared to supplement or revise the Disclosure Statement upon the reasonable request of any party in interest. In particular, as explained in the motion, the Debtor intends to consult the recently-appointed Creditors' Committee concerning the identity and role of the estate representative the plan contemplates will pursue estate causes of action.

Dated:  April 20, 2010								BLASBERG & ASSOCIATES


										By: /s/Teresa A. Blasberg
										      Teresa A. Blasberg

Notice of Motion (with Hearing) - *Page 2*    F 9013-1.1

| In re<br>ARKLAND INVESTMENT, LLC<br><br>Debtor(s). | CHAPTER: 11<br><br>CASE NO.: 2:09-bk-46058-AA |
|---|---|

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
526 N. Juanita Ave, Los Angeles, CA 90004

A true and correct copy of the foregoing document described as _____ MOTION FOR ORDER APPROVING ADEQUACY OF DISCLOSURE STATEMENT _____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On 4/20/10 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

Sara Chenetz, chenetz@blankrome.com
John H. Choi, johnchoi@kpcylaw.com
Jay J. Chung, jaychung@leeanavchung.com
United States Trustee (LA), ustpregion16.la.ecf@usdoj.gov

Dare Law, darelaw@usdoj.gov
Dennis E. McGoldrick, dmcgoldricklaw@yahoo.com
Charles Shamash, cs@locs.com, generalbox@locs.com

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On 4/20/10 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Chambers of the Hon. Alan M. Ahart, United States Bankruptcy Court, 255 E. Temple Street, Los Angeles, CA 90012

☑ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 4/20/10 | Teresa A. Blasberg | /s/ Teresa A. Blasberg |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009    F 9013-1.1

| In re | CHAPTER: 11 |
|---|---|
| ARKLAND INVESTMENT, LLC | |
| Debtor(s). | CASE NO.: 2:09-bk-46058-AA |

**ADDITIONAL SERVICE INFORMATION** (if needed):

United States Trustee (LA), Attn: Dare Law, 725 S. Figueroa St., 26th Floor, Los Angeles, CA 90017
Christopher A. Joseph & Associates, Inc., c/o Mary O'Neill, Esq., 3500 Stanford Ave, Marina Del Rey, CA 90292
Niemann Properties, Inc., c/o Daniel Niemann, 4030 Palos Verdes Dr., North, Ste. 200, Rolling Hills Estate, CA 90274
Park and Velayos, LLP c/o Francis Y. Park, Esq., 801 S. Figueroa St., Ste. 350, Los Angeles, CA 90017
Pilgrim School,  c/o Estelle Dougherty, 540 S. Commonwealth Ave, Los Angeles, CA 90020
Corbel Architects, c/o David Seongbae Kim, 3275 Wilshire Blvd, Suite 210, Los Angeles, CA 90010
Dennis McGoldrick, Esq. 350 S. Crenshaw Blvd., #A207B, Torrance, CA 90503
Sixth and Virgil, LLC, c/o Stuart Whang, 2700 Wilshire Blvd., Los Angeles, CA  90057
East West Bank, Attn: David Morris, 3237 East Guasti Road, Suite 110, Ontario, CA 91761
East West Bank, Attn: Maita Prout, Esq.,135 N. Los Robles, Ave, 6th Floor, Pasadena, CA 91101
Sara Chenetz, Esq., Blank Rome, 1925 Century Park E., Suite 1900, Los Angeles, CA 90067
Young S. Cho, 2700 Wilshire Blvd., Los Angeles, CA 90057
Stuart Whang   2700 Wilshire Blvd.  Los Angeles, CA 90057
Jay J. Chung, Esq., Lee Anav Chung LLP, 555 W. Fifth St., 31st Flr., Los Angeles, CA 90013
Choong Y. Yea, 3435 Wilshire Blvd, Ste. 1055, Los Angeles, CA  90010-1942
Paul Park, Esq., Kim Shapiro Park Lee & Ryu, 3435 Wilshire Blvd., Ste 2050, Los Angeles, CA 90010
Emil Joseph, 125 W. Mountain St. #303, Glendale, CA 91202-1930
Franchise Tax Board, Bankruptcy Section MSA340, P.O. Box 2952, Sacramento, CA 95812
JPY, Inc., 25259 Bellaza Court, Stevenson Ranch, CA 91381
Emil & Mary Joseph, c/o Law Office of Eric Anvari, 21112 Ventura Blvd., Ste. 200, Woodland Hills, CA 91364
Jae Woo & Jae Hee Kim, c/o Gary Goodstein, Esq., Goodstein & Berman, LLP, 523 W. Sixth St., #1228, Los Angeles, CA 90014
Internal Revenue Service, Centralized Insolvency Operations, P.O. Box 21126, Philadelphia, PA 19114-0326
HIC Acceptance, LLC, c/o Molino & Associates, 4751 Wilshire Blvd., #207, Los Angeles, CA 90010
HIC Acceptance, LLC, attn: Steven R. Berardino, 4751 Wilshire Blvd., #207, Los Angeles, CA 90010
Los Angeles County Tax Collector, P.O. Box 54018, Los Angeles, CA 90054
Mark VII, 1111 Santa Monica Blvd., #1400, Los Angeles, CA 90025
Universal Bank, 3455 Nogales, Street, Second Floor, West Covina, CA 91792
LA-Vegas Development, Inc. & Tiger Asset Mangement, c/o Darren Le Montree, Esq., Wilson, Elser, Moskowitz, Edelman & Dick, 555 S. Flower St., #2900, Los Angeles, CA 90071-2407
HD Supply Plumbing, Ltd., 3881 Old Winter Garden Road, Suite D, Orlando, FL 32805
Atlas Builder's Supply, 4207 Whiteside St., Los Angeles, CA 90063
KS Plumbing, c/o Law Office of Dale S. Kim, 3660 Wilshire Blvd., #240, Los Angeles, CA 90010
JC Kooler, c/o Law Office of Dale S. Kim, 3660 Wilshire Blvd., #240, Los Angeles, CA 90010
Parks Engineering and Construction Services, 17419 Sonora AVe, Cerritos, CA 90703
TIS, Inc., 29320, Las Terreno Lane, Valencia, CA 93154
Compton Steel Co., Inc., 510 E. Euclid Ave, Compton, CA 90222
General Boiler Company, Inc., 1546, East Adams Blvd., Los Angeles, CA 90011
Radix Fire Protection, Inc., 1370 E. Washington Blvd., Los Angeles, CA 90021
Holiday Electric, Inc., 1510 5th Ave, Los Angeles, CA 90019
Resco Electric, Inc., 2431 W. Washington Blvd., Los Angeles, CA 90018
HM Global Partners, Inc., 2395 Buckingham Lane, Los Angeles, CA 90077
David Chang, 2395 Buckingham Lane, Los Angeles, CA 90077
Silvio Nardoni, 535 N. Brand Blvd., #501, Glendale, CA 91203
Russell Balisok, Balisok & Associates, 330 N. Brand Blvd., Suite 702, Glendale, CA 91203
Alexandra Kim, c/o Chang, 2395 Buckingham Lane, Los Angeles, CA 90077
General Tool, Inc., 2025 Alton Parkway, Irvine, CA 90067
Wil-Cren, LLC, 2025 Alton Parkway, Irvine, CA 90067

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-1.1